## WM. COHEN v. THE STATE.

### No. 3715.   Decided November 10, 1915.

**1.—Wild. Game—Having in Possession Deer Hide for Sale—Sufficiency of the Evidence.**

Where, upon trial of having in defendant's possession for the purpose of sale, and offering for sale, a hide of a wild deer, the evidence sustained the conviction, there was no reversible error on that ground. ·

**2.—Same—Requested Charge—Defensive Theory—Converse Proposition—Agency.**

Where, upon trial of having in his possession, for the purpose of sale, etc., the hide of a wild deer, the evidence raised the issue that at the time of offering same for sale, defendant was not in possession of said hide, but the same was in possession of another, that he had no authority to sell it, and after learning from the person who had it in possession that it could not be sold, so informed the officers seeking to buy it, this phase of the case should have been submitted to the jury, as requested, submitting at the same time the converse of this proposition, and the fact of agency alone would be no defense.

Appeal from the County Court of Bexar.   Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of having in defendant's possession for the purpose of sale, etc., the hide of a wild deer; penalty, a fine of $75.

The testimony of the State showed that the deputy game commissioners stepped into the store to look at the hides on hand, and observed this one stretched up on sticks, and one of them asked defendant whether the same was for sale, or what he would take for it, when defendant replied that he would sell it, and when asked what the price was, said that he would step into the store and find out, when the gentleman in charge came to the door, and said it ·was not for sale, when asked for the papers, etc., and that someone from the country had left it in his store, and about this time the defendant also said it was not for sale, or words to that effect; but there was some controversy about defendant saying it was not for sale.   There was evidence that defendant did not have possession of the hide, but that the possession was in the manager of the store.

This in addition to the facts·stated in the opinion, is the substance of the testimony.

*Davies & Davies,* for appellant.—Cited Ward v. State, 10 Texas Crim. App., 293.

On question of refusal of defendant's requested instruction:   Patrick v. State, 78 S. W. Rep., 947; McRay v. State, 140 S. W. Rep., 442; Thomas v. State, 112 S. W. Rep., 1049; Giddings v. State, 78 S. W. Rep., 947.

*C. C. McDonald,* Assistant Attorney General, for the State. ¨

PRENDERGAST, PRESIDING JUDGE.—Under section 5 of the Act approved March 13, 1911, appellant was convicted for having in his

possession for the purpose of sale and for offering to sell one deer hide of a wild deer killed in the State.

There are but two questions necessary to pass upon in the disposition of this case. First, the appellant claims that the evidence is insufficient to sustain the conviction. We have carefully read the statement of facts and can not so hold.

His second contention is that the court erred in refusing to give, among others, his special charge to the effect that, if the jury believed from the evidence that upon inquiry made of him he first answered to the deputy game warden that the deer's hide was for sale, but that at said time he was not in possession of it but it was in possession of A. Cohen & Co., and that he had no authority to sell said hide, and after learning from the manager of said firm that it could not be sold so told the officers seeking to buy it, or, if they have a reasonable doubt as to his guilt under this phase of the case, to acquit him. Without reciting it, the evidence pertinently raised this issue, and we think the court committed reversible error in failing and refusing to give in substance said charge. On another trial, if the testimony substantially raises this issue, as it did in the former trial, the court should not only give the said charge substantially as asked by appellant, but should also in behalf of the State give the converse of the proposition; that is, that if appellant was in possession of the hide and had authority to sell it and offered it for sale, even though he was a clerk or mere employee of A. Cohen & Co., then he would be guilty under the law. We do not intend to give the verbiage of the charge but merely the issue to be submitted.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*